**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Stephen Ross Raboy; Karl John Cascketta,<br><br>Defendants. | CR 09-678-PHX-JAT<br><br>**ORDER** |

Defendants in this case are charged with multiple counts of bank robbery (and other charges). Witnesses from the banks were presented photo lineups of the Defendants and identified the Defendants as the robbers (in separate robberies[1]). Both Defendants have moved to suppress their respective photo lineup. Defendant Raboy's lineup is at Doc. 103-1. Defendant Cascketta's lineup is at Doc. 106-1.

**I. Out-of-court identification**

If a pretrial identification procedure is so impermissibly suggestive that it results in a "likelihood of misidentification," that procedure violates the defendant's right to due process. *U.S. v. Montgomery*, 150 F.3d 983, 992 (9th Cir. 1998). The Court should exclude from trial a pretrial identification procedure, "only if the pretrial identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable

---

[1] The Defendants have been severed for trial.

misidentification." *Id.* at 992 (internal quotations omitted). "An identification procedure is suggestive when it emphasizes the focus upon a single individual thereby increasing the likelihood of misidentification." *Id.* (internal quotations omitted). However,

> "[T]he fact that a suspect's photograph is distinguishable on the basis of one physical characteristic does not necessarily require suppression of a subsequent identification. *See, e.g., United States v. Bubar*, 567 F.2d at 198-99 (photo array not suggestive where, inter alia, appellant's photograph showed, longer, darker hair and a darker bushier mustache than the other photos); *Cronnon v. Alabama*, 587 F.2d 246, 249-50 (5th Cir. 1979) (petitioner's photograph was the only one of six photographs which depicted an individual with blonde hair)."

*Heggs v. Harris*, 1984 WL 361, *3 (S.D.N.Y 1984); *see also United States v. Robertson*, 606 F.2d 853, 857 (9th Cir. 1979) ("Mere variations in appearance among persons or photographs presented to a witness do not automatically invalidate a pretrial identification.").[2]

### A. Raboy

Defendant Raboy moves to suppress both the out-of-court photo lineup in which he was identified and any in-court identification of him at trial. Doc. 103. Defendant Raboy identifies one distinction between his photo and the other photos, which he claims makes the lineup impermissibly suggestive. Specifically, he claims that he has long hair pulled back into a ponytail and the other men in the photos have short hair. *Id*. Mr. Raboy argues this distinction is particularly problematic in this case because the witnesses had identified the robber as having long hair. *Id.*

The Government responds and cites many cases from the Ninth Circuit Court of Appeals wherein the Court held that variations in hair style did not make the lineup unduly suggestive. Doc. #111. For example, in *United States v. Nash*, the defendant argued that the photo lineup should be suppressed because only the defendant and one other person had "afro" hairstyles. 946 F.2d 679, 681 (9th Cir. 1991). The Court of Appeals concluded that the photospread was not suggestive even in light of the fact that the witness had identified

---

[2] If the Court finds the out-of-court identification to be impermissibly suggestive, the Court should then consider whether the in-court identification is sufficiently reliable to be allowed at trial. *Montgomery*, 150 F.3d at 993 (9th Cir. 1998).

the suspect as having an "afro" haircut. *Id*; *see also United States v. Beck*, 418 F.3d 1008, 1012 (9th Cir. 2005) (finding lineup not unduly suggestive when four of the six people had similar length hair and were otherwise similar in appearance); *United States v. Carbajal*, 956 F.2d 924, 929 (9th Cir. 1992) (finding photospread was not impermissibly suggestive when Defendant was the only person with bruises on his face).[3]

As stated in *Nash*, this Court must consider the totality of the surrounding circumstances in determining whether the out-of-court identification was so impermissibly suggestive that it tainted any subsequent identification testimony (concerning either the photo lineup or the in-court identification by the witness). *Nash*, 946 at 681.[4] In this case, all of the men have similar skin color, similar hair color, similar facial hair, and are approximately the same age. Further, while Defendant Raboy appears to have long hair pulled back into a ponytail, a viewer cannot be certain that other men do not have long hair. Given how similar the pictures are, and to the extent the hair length can be seen as a difference, the Court finds that the photospread is not impermissibly suggestive. Thus, neither the out-of-court identification nor the in-court identification will be suppressed.

### B. Cascketta

Defendant Cascketta argues that both the out-of-court identification and any in-court identification should be suppressed because his photo lineup was unduly suggestive. Doc. #106 at 5. Specifically, Cascketta argues the photo lineup is unduly suggestive because (1) in the pictures he is the only one wearing clothing matching the description of the clothing given by the witnesses, (2) one of the six individuals (not Cascketta) has a tattoo, (3) his hair

---

[3] The Government also cites *United States v. Johnson*, 820 F.2d 1065, 1073 (9th Cir. 1987), *United States v. Barrett*, 703 F.2d 1076, 1085 (9th Cir. 1983), and *United States v. Burdeau*, 168 F.3d 352, 357-58 (9th Cir. 1999), to support that a single distinction in hairstyle is not impermissibly suggestive.

[4] If the Court concludes the procedure was impermissibly suggestive, the Court next decides whether the identification testimony (with regard to an out-of-court identification or a subsequent in-court identification) is nonetheless sufficiently reliable that it can be admitted into evidence. *Nash*, 946 F.3d 681.

1 is pulled back which is consistent with the witnesses statement that the robber was wearing a skull cap or bald, the other people are younger than him, and the lighting in each picture is different.

### 1. Clothing

First, generally, because the average witness would know people can easily change clothes, it would be unusual for variations in clothing to be unduly suggestive. Moreover, although Defendant argues that his clothing is consistent with one witness's description, the Government points out that Cascketta's clothing is inconsistent with two of the witnesses' descriptions. Doc. 112 at 3-4. The Court agrees with the Government that the clothing worn in the photos is not unduly suggestive given the witnesses varying memories and the fact that the clothing described by the one consistent witness (two shirts) is not so unique that even matching clothing would be unduly suggestive.

### 2. Tattoo

Defendant argues that the one person in the photo lineup with a tattoo was necessarily eliminated by the witnesses because they did not describe a neck tattoo. Therefore, Defendant argues the lineup was unduly suggestive because it was effectively only five pictures. The Government responds are argues that the tattoo would not have been visible to the witnesses at the time of the robbery based on their descriptions of the robber's clothing (a collar shirt). Therefore, the witnesses would not know whether there was a tattoo. The Court agrees with the Government that this feature is not suggestive given the clothing description.

### 3. Hairstyle

Defendant argues only his photo and one other photo show a person with his hair pulled back. Thus, Defendant argues that the lineup was unduly suggestive because the witnesses described the robber as being bald or wearing a skull cap. The Government responds and argues that all three witnesses stated that because the robber was wearing a hat of some sort, none of them could describe his hair. Doc. 112 at 5. The Court agrees with the Government that considering that all of the men in the photos have hair of a similar color,

1 and given that none of the witnesses could describe the robber's hair, the hair in the photo lineup is not unduly suggestive.

### 4. Age

Defendant argues the lineup is unduly suggestive because the other men in the lineup appear to be younger than him. First, the Court has reviewed the lineup and disagrees that the men in the lineup appear to be younger than Defendant. In the Court's opinion all the men in the photos appear to be approximately the same age. Second, even if the ages were slightly different, such difference would not render this lineup unduly suggestive where all the men have the same color hair, similar skin color, the same facial hair, and if there is an age difference, it is barely discernable. *See generally United States v. Johnson*, 820 F.2d 1065, 1073 (9th Cir. 1987) (photo lineup was held to not be unduly suggestive even though Defendant was the only one in the photos who was over thirty years of age).

### 5. Lighting

Finally, Defendant argues that his photo has different lighting than the other photos, therefore the lineup is unduly suggestive. The Court has reviewed the copy of the lineup attached to Defendant's motion (Doc. 106) and finds the lighting to be basically the same in all the photos. Therefore, the Court rejects the factual premise of this argument.

### 6. Conclusion as to Cascketta

Given the totality of the surrounding circumstances, the Court finds that the photo lineup was not unduly suggestive. *See Nash*, 946 at 681. Specifically, all of the men in the photos have the same color hair, similar skin color, the same facial hair, and are approximately the same age. None of the men stands out from the others. Thus, neither the out-of-court identification nor the in-court identification will be suppressed.

**II. Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Raboy's motion to suppress photo identification (Doc. 103) is denied.

///

**IT IS FURTHER ORDERED** that Cascketta's motion to suppress identification (Doc. 106) is denied.

DATED this 2nd day of September, 2010.

James A. Teilborg
United States District Judge