**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,<br><br>　　　　Plaintiff/Respondent,<br><br>vs.<br><br>Stephen Ross Raboy,<br><br>　　　　Movant/Defendant. | CV 12-2577-PHX-JAT<br>CR 09-678-01-PHX-JAT<br><br>**ORDER** |

Movant was convicted on September 17, 2010, of three counts of armed bank robbery, aiding and abetting, and using a firearm during a crime of violence. Following a direct appeal, Movant timely filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 ("Motion") on December 3, 2012 (Doc. 7).[1]

On December 16, 2013, the Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("R&R") recommending that this Court deny the Motion (Doc. 14). Movant filed objections to the R&R (Doc. 15).

**I.    Review of R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the

---

[1] All Doc. numbers refer to the CV case number referenced above unless otherwise noted.

district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made."). Thus, this Court will review the portions of the R&R to which Movant objected de novo.

**II.   Objections**

The Motion in this case claims two theories of ineffective assistance of counsel. As the R&R correctly noted, claims of ineffective assistance of counsel are properly raised in a motion under 28 U.S.C § 2255. R&R at 3. The R&R determined that neither of Movant's claims established ineffective assistance of counsel, and recommended that the motion be denied on the merits. Movant objected to the R&R's recommendation on both of his theories of ineffective assistance of counsel.

The R&R correctly details the law governing ineffective assistance of counsel claims, and neither party objected to this legal standard. Therefore, the Court adopts the following and will apply it to Movant's claims:

> ...The Court reviews claims of ineffective assistance of counsel under the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, Movant must show: (1) that counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defense. 466 U.S. at 687.
>
> To establish that counsel's performance was deficient, Movant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. There is a strong presumption that counsel's conduct falls within the

- 2 -

> wide range of reasonable assistance. *Id*. Movant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. (citing *Michael v. Louisiana*, 350 U.S. 91, 101 (1955)). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.
>
> To establish prejudice from counsel's errors, Movant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id*. The court need not determine whether counsel's performance was deficient before examining whether prejudice resulted from the alleged deficiencies. *See Smith v. Robbins*, 528 U.S. 259, 286 fnt.14 (2000). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id*. (quoting *Strickland*, 466 U.S. at 697).

R&R at 3-4.

### A.     First theory of ineffective assistance of counsel

Movant's first theory of ineffective assistance of counsel is that his attorney failed to investigate and present an alibi defense. The R&R concludes that Movant has failed to show counsel was ineffective in this regard because Movant makes only a vague assertion that he had an alibi witness or defense. R&R at 4. Movant objects to the R&R on this point and argues that he has "sworn facts" to support this claim. Objections at 4.

None of the "sworn facts" Movant claims to have are recounted in his objections. Additionally, none of the "sworn facts" Movant claims to have are in the Motion itself. Movant never states the name of any potential alibi witness. Further, Movant never states one fact to which any such witness would testify. He simply offers the conclusion that "The testimony proffered would have shown that Petitioner was someplace other than the scene of the crimes at the time of the crimes." Doc. 7 at 8. Finally, Movant never even specifies whether he has a different alibi witness for all three dates on which he was convicted of bank robbery, or whether this is one witness.

On this record the Court agrees with the R&R that Movant has not alleged a single fact that would support an alibi defense. Thus, the Court finds that counsel's performance was not deficient for not investigating this theory, nor was Movant prejudiced by it not be

1 presented to the jury. Therefore, Movant's ineffective assistance of counsel claim premised
2 on an alleged alibi witness(es) is denied.

3       Moreover, Movant's argument that his counsel was not investigating potential
4 defenses that Movant suggested is belied by the record. In the sealed request for additional
5 funds, it is clear to the Court that counsel was chasing down every theory Movant suggested.
6 *See* Doc. 183 at 1-3 in CR 09-678. Therefore, Movant's conclusory assertions that he had
7 an alibi witness or witnesses and that his counsel refused to investigate is not supported by
8 the record.

9       In his objections on this claim, Movant renews his request for an evidentiary hearing.
10 As the R&R notes, an evidentiary hearing is only required when Movant makes allegations
11 which if true would entitled him to relief. R&R at 8. Here, Movant has made no factual
12 allegations whatsoever; therefore, Movant has failed to allege any facts which if true would
13 entitle him to relief. *See United States v. Navarro–Garcia*, 926 F.2d 818, 822 (9th Cir. 1991);
14 *see also Siripongs v. Calderon*, 35 F.3d 1308, 1314 (9th Cir. 1994) (to be entitled to an
15 evidentiary hearing, a habeas petitioner must assert a colorable claim to relief). As this Court
16 has previously held, and evidentiary hearing cannot be used as a fishing expedition to
17 determine if any witnesses are in existence who may have relevant testimony. *See United*
18 *States v. Fuentes*, 2009 WL 4730733, *5 (D. Ariz. Dec. 7, 2009) *aff'd United States v.*
19 *Fuentes*, 457 Fed. Appx. 687, 688 (9th Cir. 2011) ("Further, because Fuentes has failed to
20 provide any indication of how the additional testimony would affect his right to relief, the
21 district court did not err in declining to appoint counsel to assist in investigating these four
22 witnesses or to hold an evidentiary hearing.").[2] Therefore, Movant's request for an

---

[2] In his Objections to the R&R's recommendation that this Court deny the request for an evidentiary hearing, Movant makes his only factual assertion about his alibi theory. Objections at 9. Specifically, Movant suggests that a receipt is available that would show someone purchased tires for Movant's car at the time of one of the crimes. *Id*. The Court finds that Movant has still failed to show that he is entitled to an evidentiary hearing or habeas relief. First, Movant fails to actually attach such a receipt to prove it in fact exists. Second, assuming such receipt exists, it could only be at the time of one of the three

evidentiary hearing on this claim is denied.

### B. Second theory of ineffective assistance of counsel

Movant's second theory of ineffective assistance of counsel is based on Movant's claim that his counsel failed to challenge the eye witness identification of Movant. However, as the R&R recounts, Movant's counsel did move to suppress the eye witness identification before trial. R&R at 5-6 The Court denied that motion and the Court of Appeals affirmed. *Id*. at 6-7. Thus, Movant's claim that his counsel failed to challenge this evidence is incorrect.

Perhaps recognizing that his allegations are not supported by the record, in his Objections, Movant argues more generally that his counsel was ineffective because he was "weak" in "challenging and cross examining witnesses". Objections at 7. First, the undersigned sat through the trial in this matter and has reviewed the record, and finds no factual support for Movant's conclusory allegation the counsel's challenge of the witnesses was "weak." Therefore, the Court finds counsel's performance was not deficient.

Second, given the overwhelming weight of the evidence against Movant as recounted by the Court of Appeals (*United States v. Raboy*, 454 Fed. Appx. 649, 651 (9th Cir. 2011)), even if Movant could point to "stronger" questions counsel should have asked, Movant has failed to show prejudice. Therefore, Movant's request for habeas relief on this theory of ineffective assistance of counsel is denied.

### III. Conclusion

Based on the foregoing,

---

robberies of which Movant was convicted. Third, again assuming such receipt exists, such receipt would not prove that Movant was with the car at the time it went in for service. Therefore, the Court finds that Movant has failed to show prejudice resulting from counsel's failure to introduce the alleged receipt at trial given the significant evidence against Movant. *See United States v. Raboy*, 454 Fed. Appx. 649, 651 (9th Cir. 2011) (noting four eye witness identifications, DNA evidence linking Movant to the robberies, and evidence seized from Movant's residence such as two-way radios, a list of police and medical scanner frequencies, and a note that read "Bomb. Big bills. No dye-no GPS, no alarms, or else.")

- 5 -

**IT IS ORDERED** that the Report and Recommendation (Doc. 14) is accepted and adopted; the Objections (Doc. 15) are overruled; the Motion (Doc. 7; Doc. 216 in CR 09-678) is denied with prejudice; the Clerk of the Court shall enter judgment denying and dismissing the Motion, with prejudice.

**IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, in the event Movant files an appeal, the Court denies issuance of a certificate of appealability because Movant has not made a substantial showing of the denial of a constitutional right.

DATED this 8th day of April, 2014.

_____
James A. Teilborg
Senior United States District Judge