ASH

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-09-00678-PHX-JAT-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| Stephen Ross Raboy, | |
| Defendant/Movant. | |

Defendant Stephen Ross Raboy, who is presently incarcerated at the Federal Correctional Institution in Terre Haute, Indiana (FCI-Terra Haute) has filed a Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 265). The Government has responded (Doc. 268), and Defendant has replied (Doc. 270).[1] The Court will deny the Motion.

**I.    Background**

By Superseding Indictment dated August 4, 2009, Defendant and two co-defendants were charged with numerous counts related to a series of bank robberies in and around Phoenix, Arizona. (Doc. 30).[2] After a trial by jury, Defendant was found guilty of Counts

---

[1] Defendant has also filed a Motion for Status. (Doc. 273). The Court will grant the Motion for Status to the extent this Order informs him of the present status of this case.

[2] Specifically, Defendant was charged with one count of bank robbery (Count 1), three counts of armed bank robbery (Counts 3, 5, and 11), one count of use of a firearm during a crime of violence (Count 12), three counts of conspiracy to commit bank robbery (Counts 2, 4, and 10), and one count being a felon in possession of a firearm (Count 16). (*Id.*).

1  3, 5, 11, and 12; the remaining Counts were dismissed upon motion of the Government.
2  (Docs. 159, 178).  On December 3, 2010, Defendant was sentenced to life-imprisonment
3  on Counts 3, 5, and 11, and to a consecutive 84-month sentence on Count 12.  (Doc. 179).
4  Defendant appealed, but on December 2, 2011 the Ninth Circuit affirmed his convictions
5  and sentences.  (Doc. 212).

6  On December 3, 2012, Defendant filed a Motion to Vacate, Set Aside, or Correct
7  Sentence Pursuant to 28 U.S.C. § 2255.  (Doc. 216).  After full briefing and a Report and
8  Recommendation (R&R) from the assigned Magistrate Judge (*see* CV 12-02577-PHX-JAT
9  (D. Ariz.)), the Motion was denied on April 8, 2014.  (Doc. 217).

10  On June 27, 2016, Defendant filed a successive § 2255 Motion.  (Doc. 225).  By
11  order dated September 2, 2016, the Court denied the motion without prejudice because
12  Movant had not sought and obtained authorization from the Ninth Circuit before filing the
13  motion.  (Doc. 226).  Subsequently, the Ninth Circuit granted authorization for the
14  successive motion, and a briefing schedule was set.  (*See* Doc. 9 in CV 16-02106-PHX-
15  JAT) (D. Ariz)).  After full briefing and a R&R from the assigned Magistrate Judge (*see*
16  Doc. 23 in CV 16-02106), the Motion was denied by Order dated February 7, 2020.  (Doc.
17  229).

18  The instant motion followed.  In his Motion, Defendant seeks to have his sentence
19  reduced to 240 months based on alleged changes in the law and certain medical
20  circumstances.  (Doc. 265).

21  **II.     18 U.S.C. § 3582(c)(1)(A)**

22  "Ordinarily, a federal court may not modify a term of imprisonment once it has been
23  imposed."  *United States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022) (internal quotations
24  omitted) (citing *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021)).  However, 18
25  U.S.C. § 3582(c), as amended by the First Step Act of 2018, "allows certain inmates to
26  seek a form of sentence modification called compassionate release by filing motions to that
27  effect with the district court."  *United States v. King*, 24 F.4th 1226, 1228 (9th Cir. 2022)
28  (citing *Dillon v. United States*, 560 U.S. 817, 824 (2010)); *see also* FSA, Pub. L. No. 115-

391, § 603, 132 Stat. 5194 (Dec. 21, 2018). Section 3582(c)(1)(A) provides:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that [] extraordinary and compelling reasons warrant such a reduction . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission... .

As such, when a prisoner moves for compassionate release, "district courts may reduce his term of imprisonment if four conditions are met: (1) the defendant exhausted administrative remedies; (2) extraordinary and compelling reasons warrant a sentence reduction; (3) a sentence reduction is consistent with applicable policy statements issued by the U.S. Sentencing Commission; and (4) the district court considered the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Chen*, 48 F.4th 1092, 1094-95 (9th Cir. 2022) (internal quotations omitted). A court "may deny compassionate release if a defendant fails to satisfy any of these grounds." *Wright*, 46 F.4th at 945.

### III. Discussion

#### A. Exhaustion

The burden rests with Defendant "to provide proof that he has met the exhaustion criteria set forth in § 3582(c)(1)(A)." *United States v. Packard*, CR-19-03886-H, 2021 WL 4751173, at *2 (S.D. Cal. Oct. 12, 2021). Exhaustion under § 3582(c)(1)(A) requires that a defendant first request compassionate release from the warden at his or her facility, and that the request be denied or 30 days elapse without a response. *See* 18 U.S.C. § 3582(c)(1)(A).

In his Motion, Defendant does not address whether he exhausted his administrative remedies, but attaches an "Inmate Request to Bureau Employee" that is ostensibly addressed to "Mr. Hudson-Warden-" and dated October 1, 2024. (Doc. 265 at 5). The request states that he "[is] requesting a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for the reason(s) stated in the attached motion (4) four pages." (*Id.*). However, no such motion is included (and the Court is thus unable to determine whether the "reason(s)" for the request are the same as those presented in his Motion), and the

- 3 -

1  request does not contain any indicia that it was ever submitted to and received by prison
2  officials or what response, if any, was received.  The Government contends that it has no
3  record of any request for a reduction in sentence having been submitted by Defendant.
4  (Doc. 268 at 4).  In his Reply, Defendant does not address the Government's contention,
5  but—in a footnote—simply reiterates that he "attached his request to the warden on
6  [October 1, 2024] to his motion as proof that he exhausted his administrative remedies."
7  (Doc. 270 at 2).

8  On this record, the Court concludes that Defendant has failed "to provide proof that
9  he has met the exhaustion criteria set forth in § 3582(c)(1)(A)."  As noted, the "Inmate
10  Request to Bureau Employee" does not identify the grounds on which a reduction is sought
11  or contain any indicia that it was ever submitted to and received by prison officials.
12  Accordingly, the Motion can be denied on this basis alone.

### B.     "Extraordinary and Compelling Reasons"

"[T]he determination of what constitutes extraordinary and compelling reasons for sentence reduction lies squarely within the district court's discretion." *Chen*, 48 F.4th at 1095.  The only limitation on this discretion is that "rehabilitation alone cannot be extraordinary and compelling," and the determination must be consistent with the applicable policy statements issued by the United States Sentencing Commission (USSC). *Id.* at 1096 (citing 28 U.S.C. § 994(t)) (internal quotation omitted).

The USSC has promulgated policy statements regarding motions for compassionate release.  As relevant here, the policy statement to United States Sentencing Guideline (U.S.S.G.) § 1B1.13 provides that extraordinary and compelling reasons for compassionate release exist in six circumstances; namely, certain medical circumstances, age, certain family circumstances, when the defendant is a victim of abuse while incarcerated, when the defendant receives an unusually long sentence, or for any other reasons that are "similar in gravity" to the other five, enumerated circumstances.  (*See* U.S.S.G. § 1B1.13(b)).  As such, any relief must be consistent with these policy statements.  *Chen*, 48 F.4th at 1095-96 (observing that "[a] district court's discretion of course has limitations," and is "bound

by applicable statements from the Sentencing Commission") (*citing* 18 U.S.C. § 3582(c)(1)(A)) (internal emphasis omitted).

As noted, Defendant argues that he is entitled to a reduction in sentence based on alleged changes in the law and certain medical circumstances. (Doc. 265). The Court will address each in turn.

<u>1.</u>     "Medical Circumstances of the Defendant"

United States Sentencing Guideline § 1B1.13(b)(1) provides that extraordinary circumstances exist when:

> **(1) Medical Circumstances of the Defendant.--**
>
> > (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> >
> > (B) The defendant is—
> >
> > > (i) suffering from a serious physical or medical condition,
> > >
> > > (ii) suffering from a serious functional or cognitive impairment, or
> > >
> > > (iii) experiencing deteriorating physical or mental health because of the aging process,
> >
> > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> >
> > (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
> >
> > (D) The defendant presents the following circumstances—
> >
> > > (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
> > >
> > > (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing

|   |   |
|---|---|
| 1 | outbreak of infectious disease or the ongoing public health emergency described in clause (i); and |
| 2 | (iii) such risk cannot be adequately mitigated in a timely manner. |
| 3 |   |

USSG § 1B1.13(b)(1) (eff. Nov. 1, 2023).

Defendant avers that he has astigmatism, hypertension, cardiac, arrythmia, osteoarthritis of the knee, spondylolisthesis, spondylosis, thoracic thoracolumbar and lumbosacral invert disc disorder, pain in his thoracic spine, dizziness and giddiness, and "injured tendons at lower leg level." (Doc. 265 at 3). Defendant states that these conditions "should rise to the level of an extraordinary and compelling reason to reduce the sentence…" (*Id.*). Defendant does not, however, explain how—or provide any evidence to support that—any of these conditions rise to the level of a terminal illness, substantially diminish his ability to provide self-care, require long-term care that is not being provided and place him at risk of serious deterioration in health or death, or that any risk to his health cannot be adequately mitigated absent release from custody. The Government does not dispute that Defendant has the medical conditions he identifies, but asserts—and provides evidence to support—that they "are currently being addressed with medications and other forms of treatment." (Doc. 268 at 7-8; Docs. 268-4 through -11). In Reply, Defendant does not contest that his ailments are being treated while incarcerated or otherwise address how his ailments arise to the level of an extraordinary and compelling reason for a reduction in sentence. As such, the Court finds Defendant's allegations to be vague, conclusory, and unsupported by the evidence, and are thus insufficient to support that his medical conditions rise to the level of extraordinary and compelling reasons for a reduction in sentence.[3]

. . . .

---

[3] For the same reasons, the Court finds that—to the extent he seeks such relief—Defendant has failed to demonstrate that he is entitled to relief based on United States Sentencing Guideline § 1B1.13(b)(2) because he has not demonstrated that he is experiencing a serious deterioration in physical or mental health because of the aging process.

- 6 -

### 2. Change in the Law

United States Sentencing Guideline § 1B1.13(b)(6) provides that

> (6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Defendant received mandatory life sentences on Counts 3, 5, and 11 pursuant to 18 U.S.C. § 3559(c) due to three prior Arizona armed robbery convictions. (*See* Doc. 58). Citing *United States v. Molinar*, 881 F.3d 1064 (9th Cir. 2018), Defendant asserts that these convictions no longer qualify as "a categorical crime of violence under Section 4B1.2's force clause," and his life sentences are therefore unusually long. (Doc. 265 at 2). The Government responds that even though the *Molinar* court concluded that Arizona armed robbery was no longer a *categorical* crime of violence under guideline section 4B1.2, the Court still found that Arizona armed robbery was nevertheless an *enumerated* crime of violence, and thus "the career offender enhancement still applies." (Doc. 268 at 6).

The relevance of *Molinar* to this case is not readily apparent. *Molinar* dealt with what crimes do, or do not, qualify as a "crime of violence" under USSG § 4B1.2. Defendant, however, did not receive any sentencing enhancement pursuant to § 4B1.2. Rather, Defendant received a statutory sentence pursuant to § 3559(c) because he had three prior "serious violent felonies." (*See* Doc. 58; *see also* Doc. 175 at 3; Doc. 204 at 3, 5). To the extent Defendant is attempting to import *Molinar*'s reasoning and graft it onto § 3559(c), his argument fails. Robbery (at least with regard to certain maritime offenses, bank robbery, and involving controlled substances) is specifically enumerated as a "serious violent felony," and although "18 U.S.C. Section 3559(c)(3)A)(i)-(ii)…suppl[ies] a separate definition of robbery that excludes certain types of conduct from qualifying," none of Defendant's prior conduct is so excluded. Section 3559(c)(3)A)(i) states that certain

robbery offenses do not trigger § 3559(c)'s mandatory life sentence if the Defendant "establishes by clear and convincing evidence that no firearm or other dangerous weapon was used in the offense and no threat of use of a firearm or other dangerous weapon was involved in the offense…" 18 U.S.C. § 3559(c)(3)A)(i). Here, Defendant has made no such showing—much less by clear and convincing evidence—and the Government has asserted, without rebuttal by Defendant, that firearms were used in two of his prior cases and a knife in the third. (*See* Doc. 175 at 3 n. 3).

Finally, although several lower courts have found that the "residual clause" of § 3559(c)(2)(F)(ii) is unconstitutionally vague,[4] Defendant's prior convictions all qualify under the "elements clause" of § 3559(c)(2)(F)(ii) because they involved the use, attempted use, or threatened use of physical force against the person of another,[5] and were punishable by at least 10 years imprisonment. (*See* Doc. 58-1, indicating that Defendant received 12 year sentences in each of his three underlying state convictions). Consequently, the mandatory life imprisonment provision of 18 U.S.C. § 3559(c) continues to apply to Defendant, and he has thus not shown that extraordinary and compelling reasons exist for a reduction in sentence pursuant to § 1B1.13(b)(6).

### 3. Rehabilitation

Defendant also states that he has engaged in substantial rehabilitation while incarcerated. (Docs. 265 at 3). While commendable, rehabilitation alone is insufficient to

---

[4] *See Cooper v. United States*, 2023 WL 2696500 at *2 (D.Utah Mar. 29, 2023) (collecting cases). The "residual clause" of § 3559(c)(2)(F)(ii) is that portion that reads: "…or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense."

[5] *See* Ariz. Rev. Stat. § 13-1904(A): A person commits armed robbery if, in the course of committing robbery as proscribed in § 13-1902, the person or an accomplice does any of the following:

    1. Is armed with a deadly weapon or a simulated deadly weapon.

    2. Uses or threatens to use a deadly weapon or dangerous instrument or a simulated deadly weapon.

    3. Takes possession of or attempts to take possession of a deadly weapon.

1  demonstrate that extraordinary and compelling reasons exist for a reduction in sentence.
2  28 U.S.C. § 994(t).  While rehabilitation may be considered in conjunction with other bases
3  for a reduction in sentence, because the Court concludes that Defendant has failed to
4  demonstrate that other extraordinary and compelling reasons exist for a reduction in
5  sentence, it concludes that Defendant's efforts at rehabilitation cannot satisfy §
6  3582(c)(1)(A).

### C. 18 U.S.C. § 3553(a)

Finally, even assuming *arguendo* that Defendant had sufficiently demonstrated that extraordinary and compelling reasons exist for a reduction in sentence, the Court concludes that release would not be warranted because the 18 U.S.C. § 3553(a) sentencing factors do not support a reduction in sentence.

Pertinent factors under § 3553(a) include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care.  18 U.S.C. § 3553(a)(1), (2).  The Court may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities among similarly situated defendants and to provide restitution to victims.  18 U.S.C. § 3553(a)(4), (6)-(7).\

Having considered these factors in conjunction with Defendant's Motion, the Court finds that the § 3553(a) actors do not weigh in favor of a reduction of sentence.  As the Court stated at sentencing:

> So I don't know what – I don't know whether it's drug dependency, I don't know whether it is simply the inability to make a living honestly, or some combination of all of the above, but we cannot escape the defendant's life of crime, and, of course, in particular the crimes which now invoke the three strikes mandatory life in prison.
> These crimes and this defendant's involvement in those crimes would seem to me to make him a poster child for the reason that Congress has enacted that statutory scheme, because there can be no question that the public must be protected from one who has that propensity to commit that type of crime.
> And, of course, there must be appropriate punishment for that, and

- 9 -

> that punishment is necessary not only in terms of the nature of these crimes committed but the fact these crimes were committed on the heels of so many other violent crimes.
> So in terms of protecting the public, in terms of punishment, and, of course, this becomes the ultimate deterrent but a necessary deterrent, because it seems inevitable that if this defendant were out on some type of supervision he would simply resume committing crimes. Deterrence has simply failed in every prior sentencing.
> So for those reasons it is the judgment of this Court that this is a reasonable sentence. I do not impose it lightly.

(Doc. 204 at 25:6—26:6). Nothing Defendant presents in his instant Motion persuades the Court to reconsider these conclusions. As such, the Court finds that any reduction in sentence would not reflect the seriousness of Defendant's offenses, promote respect for the law, deter further criminal conduct, or provide just punishment. Nor does the Court find that Defendant has demonstrated that he is no longer a danger to the public. (U.S.S.G. § 1B1.13(a)(2); 18 U.S.C. § 3142(g)).

Accordingly, **IT IS ORDERED** that:

1) Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 265) is **denied**.

2) Defendant's Motion for Status (Doc. 273) is **granted** to the extent this Order informs him of the present status of this case.

Dated this 11th day of August, 2025.

James A. Teilborg
Senior United States District Judge